

⊙ CANCILLERÍA          TODOS POR UN
                       NUEVO PAÍS

Consulado de Colombia en Nueva York

AC. 341707

August 12, 2016



USDC SDNY
DOCUMENT
DOCKETED
DATE   8-24-16

**Honorable Judge Kevin Castel**
United States District Judge
United States Courthouse
500 Pearl St.
Courtroom: 11D
New York, NY 10007-1312

Ref.: Aguirre Cuero, Gabriel
CASE #: 15 Cr. 125

Honorable Judge Castel:

Under the Vienna Convention on Consular Relations, (Vienna April 24, 1963), among other responsibilities, Consular functions include:

> "...subject to the practices and procedures obtaining in the receiving State, representing or arranging appropriate representation for nationals of the sending State before the tribunals and other authorities of the receiving State..."

On behalf of the Ministry of Foreign Affairs of Colombia, this Consular office is sending you a copy of Diplomatic Note 0430 dated March 10th, 2016, which contains the assurances made by the Government of the United States to the Government of Colombia, in regards to Mr. AGUIRRE CUERO's extradition.

It is important to note that honoring these assurances is of utmost importance. Included in those assurances, the Government of the United States recognizes the conditions under which the Government of Colombia agreed to the extradition of Mr. AGUIRRE CUERO, and guarantees the Government of Colombia that a sentence of life imprisonment will not be sought or imposed on Mr. AGUIRRE CUERO, that the death penalty is not authorized punishment for the offenses for which Mr. AGUIRRE CUERO's extradition was granted, that he will not be subject to forced disappearance, torture or cruel and unusual punishment, degrading or inhumane treatment, or exile. Lastly, that Mr. AGUIRRE CUERO will not be subject to forfeiture of property absent due process of law.

The Consulate of Colombia is also enclosing the Resolution 296 dated December 23, 2015, by which the Ministry of the Interior and Justice of Colombia decided on the request for extradition of Defendant AGUIRRE CUERO. It is important to underline that article third (3) of the former Resolution indicates that *"To warn the Requisitioning State on the fact that the citizen extradited may not be tried or convicted for any prior act other than the reason for the present extradition according with the constitutional and legal provisions, and, particularly with those contained in paragraph 1st Section 494 of Law 906/2004".*

10 East 46th street
New York, NY, 10017
PBX 212 798 9000 – Fax 212 972 1725
www.nuevayork.cancilleria.gov.co  cnewyork@cancilleria.gov.co
Nueva York, Estados Unidos





GP-CER 221918          SC-CER 221917

⊗ CANCILLERÍA · TODOS POR UN NUEVO PAÍS
Consulado de Colombia en Nueva York

AC. 341707

Hence, when and if Defendant AGUIRRE CUERO is convicted after entering a plea or going to trial, we are respectfully requesting that you provide us with a copy of the Order of Judgment and Commitment.

Should you have any questions or concerns, please do not hesitate to contact Mrs. María Lucía Villalba, Consul for Attention to Colombian Nationals at (212) 798-9055 or our attorney Ms. Soraya Ruiz Abderrashmán at (212) 798-9005.

The Consulate General of Colombia appreciates all the attention that you can offer to this matter.

Sincerely,

RAQUEL GARAVITO CHAPAVAL
Cónsul General Central (E)

C.c. Señor:
**Gabriel Aguirre-Cuero**
Reg # 49665-018
Mcc New York
Metropolitan Correctional Center
150 Park Row
New York, Ny 10007

c.c. Amy Gallicchio
Federal Defenders of New York
52 Duane Street
New York, New York 10007

Enclosures: Resolution 296 dated December 23, 2015 (8 pages), official translation of said Resolution (7 pages). Diplomatic Note 0430 (2 pages), Unofficial translation (2 pages).

F:\WPPUBLIC\ASISTENCIA A CONNACIONALES\CONSULADOS\Estados Unidos\A\Aguirre Cuero, Gabriel #49665-018.docx
Elaboró : MLV

10 East 46th street
New York, NY, 10017
PBX 212 798 9000 – Fax 212 972 1725
www.nuevayork.cancilleria.gov.co  cnewyork@cancilleria.gov.co
Nueva York, Estados Unidos


GP-CER 221918


ISO 9001
Icontec
SC-CER 221917


IQNet

REPÚBLICA DE COLOMBIA



MINISTERIO DE JUSTICIA Y DEL DERECHO

RESOLUCIÓN NÚMERO   296   DE

**23 DIC 2015**

Por la cual se decide sobre una solicitud de extradición

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA,**

en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906 de 2004, y

**CONSIDERANDO:**

**1.** Que mediante Nota Verbal N° 0453 del 16 de marzo de 2015, el Gobierno de los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la detención provisional con fines de extradición del ciudadano colombiano **GABRIEL AGUIRRE CUERO**, requerido para comparecer a juicio por delitos federales de narcóticos.

**2.** Que en atención a dicha solicitud, el Fiscal General de la Nación, mediante Resolución del 25 de marzo de 2015, decretó la captura con fines de extradición del ciudadano **GABRIEL AGUIRRE CUERO**, identificado con Cédula de Ciudadanía No. 12.795.937 decisión que le fue notificada el 9 de julio de 2015, en las instalaciones de la Unidad de Reacción Inmediata, Subdirección Seccional de Buenaventura, centro de reclusión donde se encontraba previamente detenido.

**3.** Que mediante Nota Verbal N° 1569 del 1 de septiembre de 2015, la Embajada de los Estados Unidos de América en nuestro país formalizó la solicitud de extradición del ciudadano **GABRIEL AGUIRRE CUERO.**

En dicha Nota se informa lo siguiente:

*"Gabriel Aguirre Cuero es requerido para comparecer a juicio por delitos federales de narcóticos. Es el sujeto de la acusación No. 15 Cr. 125, dictada el 3 de marzo de 2015, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York, mediante la cual se acusa de:*



2

... 296

Hoja 2 de la Resolución por la cual se decide sobre una solicitud de extradición

-- Cargo Uno: Concierto para fabricar y distribuir, y poseer con la intención de fabricar y distribuir, cinco kilogramos o más de cocaína, a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos, en violación del Título 46, Secciones 70503(a)(1), 70504(b)(1), 70504(a) y (b) del Código de los Estados Unidos y del Título 18, Sección 3238 del Código de los Estados Unidos; y

-- Cargo Dos: Fabricar y distribuir, y poseer con la intención de fabricar y distribuir, cinco kilogramos o más de cocaína, a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos, y ayuda y facilitación de dicho delito, en violación del Título 46, Secciones 70503(a)(1), 70504(b)(1) y 70506(a) del Código de los Estados Unidos y del Título 18, Secciones 2 y 3238 del Código de los Estados Unidos.

(...)

Un auto de detención contra Gabriel Aguirre Cuero por estos cargos fue dictado el 3 de marzo de 2015, por orden de la corte arriba mencionada. Dicho auto de detención permanece válido y ejecutable.

(...)

Todas las acciones adelantadas por el acusado en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997...".

4.     Que luego de formalizada la solicitud de extradición del ciudadano **GABRIEL AGUIRRE CUERO**, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio DIAJI N° 2017 del 1 de septiembre de 2015, señaló que:

"Conforme a lo establecido en nuestra legislación procesal penal interna, se informa que es del caso proceder con sujeción a los instrumentos internacionales vigentes entre la República de Colombia y los Estados Unidos de América.

En consecuencia, es preciso señalar que, se encuentra vigente para las Partes, la 'Convención de Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas', suscrita en Viena el 20 de diciembre de 1988[1]. En ese sentido, el artículo 6, numerales 4 y 5 del precitado tratado disponen lo siguiente:

[...]

4.   Las Partes que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellas.

5.   *La extradición estará sujeta a las condiciones previstas por la legislación de la Parte requerida o por los tratados de extradición*



[1] Artículo 3° numeral 1° literal a.

3

Hoja 3 de la Resolución por la cual se decide sobre una solicitud de extradición

*aplicables, incluidos los motivos por los que la Parte requerida puede denegar la extradición.*

[...]' (Destacado fuera de texto)

Así mismo, la 'Convención de las Naciones Unidas contra la Delincuencia Organizada Transnacional', adoptada en New York, el 27 de noviembre de 2000², que en su artículo 16, numerales 6 y 7, prevé lo siguiente:

*'6. Los Estados Parte que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como caso de extradición entre ellos*

**7. La extradición estará sujeta a las condiciones previstas en el derecho interno del Estado Parte requerido** *o en los tratados de extradición aplicables, incluidas, entre otras, las relativas al requisito de una pena mínima para la extradición y a los motivos por los que el Estado Parte requerido puede denegar la extradición' (Destacado fuera de texto).*

De conformidad con lo expuesto, y a la luz de lo preceptuado en los artículos 491 y 496 de la Ley 906 de 2004, en los aspectos no regulados por las Convenciones aludidas, el trámite se regirá por lo previsto en el ordenamiento jurídico colombiano...."

**5.** Que perfeccionado así el expediente de extradición del ciudadano **GABRIEL AGUIRRE CUERO**, el Ministerio de Justicia y del Derecho, mediante oficio No. OFI15-0022829-OAI-1100 del 3 de septiembre de 2015, lo remitió a la Sala de Casación Penal de la H. Corte Suprema de Justicia para el concepto correspondiente.

**6.** Que la Sala de Casación Penal de la H. Corte Suprema de Justicia, mediante providencia del 10 de diciembre de 2015, habiendo encontrado cumplidos los requisitos que exigen las normas aplicables al caso, conceptuó favorablemente a la extradición del ciudadano **GABRIEL AGUIRRE CUERO.**

Sobre el particular la H. Corporación manifestó:

**III. Condicionamientos:**

**1.** *El Gobierno Nacional está en la obligación de supeditar la entrega de la persona solicitada, en el evento de acceder a ella, a que no pueda ser en ningún caso juzgada por hechos anteriores ni distintos a los que la motivan, conforme lo indica la representante del Ministerio Público, a que se tenga como parte de la pena que pueda llegar a imponérsele en el país requirente, el tiempo que ha permanecido en detención con motivo del presente trámite, y a que se le conmute la pena de muerte. Igualmente, a que no sea sometida a desaparición forzada, torturas, tratos o penas crueles, inhumanas o degradantes, destierro,*

---

² Artículo 3, párrafo 1, apartados a) o b).



296

Hoja 4 de la Resolución por la cual se decide sobre una solicitud de extradición

prisión perpetua o confiscación, como con acierto también lo pide la Procuradora Delegada.

2. Del mismo modo, le corresponde condicionar la entrega del solicitado, a que se le respeten todas las garantías debidas en razón de su condición de nacional colombiano[3], en concreto a: tener acceso a un proceso público sin dilaciones injustificadas, se presuma su inocencia, esté asistido por un intérprete, cuente con un defensor designado por él o por el Estado, se le conceda el tiempo y los medios adecuados para preparar la defensa, pueda presentar pruebas y controvertir las que se alleguen en su contra, su situación de privación de la libertad se desarrolle en condiciones dignas, la pena que eventualmente se le imponga no trascienda de su persona y tenga la finalidad esencial de reforma y adaptación social.

3. El Gobierno Nacional también deberá imponer al Estado requirente, en orden a salvaguardar los derechos fundamentales del reclamado, la obligación de facilitar los medios necesarios para garantizar su repatriación en condiciones de dignidad y respeto por la persona humana, en caso de llegar a ser sobreseído, absuelto, declarado no culpable o su situación jurídica resuelta definitivamente de manera semejante en el país solicitante, incluso, con posterioridad a su liberación una vez cumpla la pena allí impuesta por sentencia condenatoria originada en los cargos por los cuales procede la presente extradición.

4. Así mismo, deberá condicionar la entrega a que el país requirente, de acuerdo con sus políticas internas sobre la materia, ofrezca posibilidades racionales y reales para que el solicitado pueda tener contacto regular con sus familiares más cercanos, considerando que el artículo 42 de la Constitución Política de 1991 califica a la familia como núcleo esencial de la sociedad, garantiza su protección y reconoce su honra, dignidad e intimidad, la cual también es protegida por la Convención Americana de Derechos Humanos y el Pacto Internacional de Derechos Civiles y Políticos en sus artículos 17 y 23, respectivamente.

5. Se advierte, además, que en razón de lo dispuesto en el numeral 2° del artículo 189 de la Constitución Política, es del resorte del Presidente de la República, en su condición de jefe de Estado y supremo director de la política exterior y de las relaciones internacionales, realizar el respectivo seguimiento a los condicionamientos que se impongan a la concesión de la extradición, quien a su vez debe determinar las consecuencias que se deriven de su eventual incumplimiento.

**IV. Cuestión final:**

De conformidad con lo expuesto en precedencia, la Sala es del criterio que el Gobierno Nacional puede extraditar al ciudadano colombiano GABRIEL

[3] Según el criterio de esta Corporación (CSJ CP, 5 sep. 2006, rad. 25625), a pesar de que se produzca la entrega del ciudadano colombiano, éste conserva los derechos inherentes a su nacionalidad consagrados en la Constitución Política y en los tratados sobre derechos humanos suscritos por el país.



296

*AGUIRRE CUERO bajo los condicionamientos anotados, pues como viene de constatarse, están satisfechos los requisitos establecidos en nuestra legislación procesal penal para que proceda su entrega, como por igual lo concluye la representante del Ministerio Público...*"

**7.**   Que en atención al concepto favorable emitido por la Sala de Casación Penal de la H. Corte Suprema de Justicia, y teniendo en cuenta que de acuerdo con lo establecido en el artículo 501 de la Ley 906 de 2004 el Gobierno Nacional está en libertad de obrar según las conveniencias nacionales, concederá la extradición del ciudadano **GABRIEL AGUIRRE CUERO**, identificado con Cédula de Ciudadanía No. 12.795.937, para que comparezca a juicio ante las autoridades de los Estados Unidos de América, por los siguientes cargos:

**Cargo Uno:** Concierto para fabricar y distribuir, y poseer con la intención de fabricar y distribuir, cinco kilogramos o más de cocaína, a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos.

**Cargo Dos:** Fabricar y distribuir, y poseer con la intención de fabricar y distribuir, cinco kilogramos o más de cocaína, a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos, y ayuda y facilitación de dicho delito.

Los anteriores cargos se encuentran mencionados en la acusación No. 15 Cr. 125, dictada el 3 de marzo de 2015, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York.

**8.**   Que en el informe adicional presentado por la Fiscalía General de la Nación, del 16 de julio de 2015, señaló que el ciudadano requerido "*cumple una medida de Aseguramiento intramuros por el delito de Tráfico Fabricación o Porte de Estupefacientes medida impuesta por el Juzgado Quinto Penal Municipal de Buenaventura con Funciones de Control de Garantías a solicitud de la Fiscalía Cuarta Especializada de la Ciudad de Buenaventura bajo el radicado No. 761096000163201500449. En la actualidad se encuentra a la espera de audiencia preliminar por parte del Juzgado Segundo Penal del Circuito Especializado en la ciudad de Buga (Rad: 291), con el fin de estudiar preacuerdo...*".

La H. Corte Suprema de Justicia para el presente caso conceptuó:

"*Finalmente, si bien la defensa alega que en este caso se debe emitir concepto desfavorable por cuanto en Colombia existe una investigación en curso por los mismos hechos que sustentan la solicitud de entrega, cabe señalar que no es posible atender a dicha pretensión, pues la Corporación tiene decantado, frente a supuestos como el anotado, lo siguiente:*

*Por último, la Sala no encuentra configurado el instituto de la cosa juzgada, pues si bien se alegó una certificación sobre el actual trámite de un juicio en contra de... en el Juzgado... lo cierto es aún no se ha emitido sentencia en ese asunto, por manera que no se satisface ninguna de las hipótesis contempladas por la Corte para enervar la posibilidad de la extradición.*



نسخة 296

> *En efecto, la Sala mayoritaria tiene decantado que para la concreción de esa figura resulta necesario que al momento de radicarse la solicitud de extradición ya se haya proferido sentencia por los mismos hechos que fundan el requerimiento. (CSJ CP, 27 feb. 2013, rad. 39860)*

Ahora, al respecto la Sala tiene precisadas las distintas variables en que se consolida la cosa juzgada, conforme se recuerda enseguida:

(...)

> Así las cosas, de lo transcrito se sigue que en el caso de la especie definitivamente no se consolida ninguna de las hipótesis anotadas, pues no se ha proferido decisión con efectos de cosa juzgada y, por ende, como se dejó anotado en precedencia, no hay lugar a emitir concepto desfavorable como lo pide el defensor del requerido...."

La existencia de una investigación en contra del ciudadano **GABRIEL AGUIRRE CUERO**, por hechos ocurridos con anterioridad al requerimiento en extradición, hace que en este caso, se presente la hipótesis prevista en el artículo 504 de la Ley 906 de 2004, que le otorga al Gobierno Nacional la facultad discrecional de aplazar o no la entrega.

El Gobierno Nacional en este caso, en atención a la discrecionalidad que establece la normatividad mencionada para decidir sobre el momento de la entrega de la persona requerida, no considera procedente diferir o aplazar la entrega del ciudadano colombiano **GABRIEL AGUIRRE CUERO**, y por el contrario ordenará que se lleve a cabo la misma, previo el cumplimiento de unos condicionamientos que serán establecidos en el presente acto administrativo.

**9.**   Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por un hecho anterior y distinto del que motiva la solicitud de extradición.

**10.**   Que el Gobierno Nacional ordenará la entrega del ciudadano **GABRIEL AGUIRRE CUERO** bajo el compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación, sin que sea necesario hacer mención a la prohibición de imponer la pena de muerte, teniendo en cuenta que ésta no es la prevista para los delitos que motivan la presente solicitud de extradición.

**11.**   Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

ﺪ 296

Hoja 7 de la Resolución por la cual se decide sobre una solicitud de extradición

No obstante lo anterior, se advierte que, tal y como ha sido costumbre, la Dirección de Gestión Internacional de la Fiscalía General de la Nación remite la certificación sobre el tiempo de detención de los ciudadanos requeridos por cuenta del trámite de extradición, a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, con el fin de que el Cónsul respectivo tenga conocimiento de esa situación.

Finalmente el Gobierno Nacional, por conducto del Ministerio de Justicia y del Derecho, remitirá copia de la presente decisión a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores para los fines indicados en la Directiva Presidencial No. 07 de 2005 y lo señalado por la H. Corte Suprema de Justicia en su concepto.

Por lo expuesto,

**RESUELVE:**

**ARTÍCULO PRIMERO:** Conceder la extradición del ciudadano colombiano **GABRIEL AGUIRRE CUERO**, identificado con Cédula de Ciudadanía No. 12.795.937, para que comparezca a juicio ante las autoridades de los Estados Unidos de América, por los siguientes cargos:

**Cargo Uno:** Concierto para fabricar y distribuir, y poseer con la intención de fabricar y distribuir, cinco kilogramos o más de cocaína, a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos.

**Cargo Dos:** Fabricar y distribuir, y poseer con la intención de fabricar y distribuir, cinco kilogramos o más de cocaína, a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos, y ayuda y facilitación de dicho delito.

Los anteriores cargos se encuentran mencionados en la acusación No. 15 Cr. 125, dictada el 3 de marzo de 2015, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York.

**ARTÍCULO SEGUNDO:** No diferir la entrega de este ciudadano de conformidad con lo expuesto en la parte motiva de la presente resolución.

**ARTÍCULO TERCERO:** Ordenar la entrega del ciudadano **GABRIEL AGUIRRE CUERO** al Estado requirente, bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

**ARTÍCULO CUARTO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la

R... 296

Hoja 8 de la Resolución por la cual se decide sobre una solicitud de extradición

presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004.

**ARTÍCULO QUINTO:** Notificar la presente decisión personalmente al interesado, a su representante o apoderado, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto en el artículo 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO SEXTO:** Una vez ejecutoriada la presente Resolución, enviar copia de la misma a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, al Juzgado Segundo Penal del Circuito Especializado de Buga, Valle y al Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO SÉPTIMO:** La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido, a su representante o apoderado, o a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores, Juzgado Segundo Penal del Circuito Especializado de Buga, Valle y a la Fiscalía General de la Nación y **cúmplase.**

Dada en Bogotá, D.C. a

23 DIC 2015

CARLOS MEDINA RAMÍREZ

EL VICEMINISTRO DE POLÍTICA CRIMINAL Y JUSTICIA RESTAURATIVA, ENCARGADO DE LAS FUNCIONES DEL DESPACHO DEL MINISTRO DE JUSTICIA Y DEL DERECHO,



# REPÚBLICA DE COLOMBIA
## MINISTERIO DE RELACIONES EXTERIORES

# APOSTILLE
### (Convention de La Haye du 5 Octobre 1961)

**País:** **REPUBLICA DE COLOMBIA**
(Country: - Pays:)

**El presente documento público**
(This public document - Le présent acte public)

**Ha sido firmado por:** **GOMEZ TRUJILLO ALVARO DE FATIMA**
(Has been signed by. - A été signé par:)

**Actuando en calidad de:** **SECRETARIO GENERAL**
(Acting in the capacity of: - Agissant en qualité de:)

**Lleva el sello/estampilla de:** **MINISTERIO DE JUSTICIA Y DEL DERECHO**
(Bears the seal/stamp of: - Est revêtu du sceau de / timbre de:)

**Certificado**
(Certified - Attesté)

**En:** **BOGOTA D.C**
(At: - A:)

**El:** **3/29/2016 16:01:18 p.m.**
(On: - Le:)

**Por:** **APOSTILLA Y LEGALIZACIÓN**
(By: The Ministry of Foreign Affairs of Colombia - Par: Ministère des Affaires Étrangères de la Colombie)

**No:** **AQDZD161265361**
(Under Number: - Sous le numéro:)

Firmado Digitalmente por: (Digitally Signed by:)
Ministerio de Relaciones Exteriores de Colombia
ALFONSO DE JESUS VELEZ RIVAS
Reason: DOCUMENT AUTHENTICITY
BOGOTA - COLOMBIA

**Firma:** (Signature:)



**Nombre del Titular:** **GABRIEL AGUIRRE CUERO**
(Name of the holder of document:
Nom du titulaire:)

**Tipo de documento:** **COPIA RESOLUCION**
(Type of document: - Type du document:)

**Número de hojas apostilladas:** **8**
(Number of sheets: - Nombre de feuilles:)

013041004464778                                     296 Expedido (mm/dd/aaaa): 12/23/2015

El Ministerio de Relaciones Exteriores, no asume la responsabilidad por el contenido del documento apostillado. Artículo 3 Ley 455/98

La autenticidad de esta apostilla puede ser verificada en el Registro Electrónico que se encuentra en la siguiente página web:
The authenticity of this Apostille may be verified by accessing the e-Register on the following web site:
L'authenticité de cette Apostille peut être vérifiée en accédant l'e-Registre sur le site web suivant:

# www.cancilleria.gov.co/apostilla



Official Translation No. 2016-0208 made by Anthony Letts, Official Translator Res. 139/1980 Ministry of Justice

**REPUBLIC OF COLOMBIA**
**MINISTRY OF JUSTICE AND LAW**
**RESOLUTION No. 296 OF DECEMBER 23, 2015**
**DECIDING ON A REQUEST FOR EXTRADITION.**

**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA**
**In exercise of his powers under Article 491 of Law 906/2004, and**
**WHEREAS**

**1.** In Diplomatic Note No. 0453 of March 16, 2015, the Government of the United States of America, through its Embassy in Colombia, requested the provisional detention for purposes of extradition of the Colombian citizen **GABRIEL AGUIRRE-CUERO** required to appear for trial for federal narcotics offenses.

**2.** Attending to this request, the Attorney General, in a Resolution of March 25, 2015 ordered the arrest for purposes of extradition of the Colombian citizen **GABRIEL AGUIRRE-CUERO** I.D. No. 12.795.937 which was served on him at the Immediate Reaction Unit of the Buenaventura Subregional Office where he had previously been held.

**3.** The United States Embassy in Colombia, in Diplomatic Note No. 1569 of September 1, 2015, formalized the request for extradition of the Colombian citizen **GABRIEL AGUIRRE-CUERO.**

The Note in question states as follows:

*"... Gabriel Aguirre-Cuero is wanted to appear for trial for federal narcotics offenses. He is the subject of superseding indictment No. 15 Cr. 125 of March 3, 2015 in the US District Court of the Southern District of New York, accusing him of :*

*--Count 1: Conspiracy to manufacture and distribute and possess with intent to manufacture and distribute, five kilograms or more of cocaine on board a vessel subject to US jurisdiction, in violation of Title 46 Sections 70503(a)(1), 70504(b)(1), 70506(a) and (b) of the US Code and Title 18 Section 3238 US Code; and*

*--Count 2: Manufacture and distribute and possess with intent to manufacture and distribute, five kilograms or more of cocaine on board a vessel subject to US jurisdiction, in violation of Title 46 Sections 70503(a)(1), 70504(b)(1), 70506(a) of the US Code and Title 18 Sections 2 and 3238 US Code:*

(....)

*An order for the detention of Mr. Gabriel Aguirre-Cuero for these offenses, was issued on March 3, 2015 by order of the mentioned court* ANTHONY LETTS

1

Traductor Juramentado
Res. 139/80 Minjusticia

Official Translation No. 2016-0208 made by Anthony Letts, Official Translator Res. 139/1980 Ministry of Justice

*this order remains in force and effect.*

(...)

*All the actions of the accused in this case were performed after December 17, 1997......"*

4. Once the request for extradition of citizen Gabriel Aguirre-Cuero was formalized, the Ministry of Foreign Affairs, through its International Legal Affairs Office, issued Communication DIAJI No. 2017 of September 1, 2015,

"In  accordance with Colombian Criminal Procedure, we inform that it is in order to proceed in accordance with international instruments in force between Colombia and the United States of America.

In consequence, we note that *"..the UN Convention against the illicit Traffic in Narcotic Drugs and Psychotropic Substances"* signed in Vienna on 1988[1] *is in force between the Parties. Articles 6.4 and 6.5 of this international instrument provide the following:*

*"[...]*

*"4.   The Parties which do not subject extradition to the existence of a treaty will recognize the offenses provided for in this Article as extradition cases between them.*

*"5.   **Extradition will be subject to the conditions foreseen by the legislation of the required Party** or to the applicable extradition treaties, including the reasons for which the Party required may deny extradition.*

*[...]" (Our emphasis)*

"Likewise, the United Nations *Convention against Transnational Organized Crime,* adopted in New York on November 27, 2000[2] Articles 16.3 and 16.7 states that:

*6. States Parties which do not subject extradition to the existence of a treaty, undertake to include such offenses as extraditable offenses in every extradition treaty to be concluded between them.*

*(...)*

*7. **Extradition shall be subject to the conditions provided for by the domestic law of the requested State Party** or by applicable extradition treaties, including, inter alia, conditions in relation to the minimum penalty*

---

[1] Article 3.1.a

[2] Article 3 para 1 sections a) or b)

2


ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Min Justicia

*requirement for extradition and the grounds upon which the requested State Party may refuse extradition.  (emphasis added)*

*Therefore, in the light of the terms of Articles 491 and 496 of Law 906/2004, extradition will be governed by Colombian law where not regulated by that Convention...*"

**5.** The file of the request for the extradition of **GABRIEL AGUIRRE-CUERO** thus being complete, the Ministry of Interior and Justice and Law, in  Communication No. OFI15-0022829-OAI-1100 of September 3, 2015, sent it to the Criminal Cassation Division of the Supreme Court of Justice for the Court to give its opinion.

**6.** The Criminal Cassation Division of the Supreme Court of Justice, in a decision of December 10,. 2015, found that the requirements had been met as applicable to this case, and gave its favourable opinion for the extradition of the citizen **GABRIEL AGUIRRE-CUERO.**

In this regard, the Court said:

### III. CONDITIONS

*1. The Government has an obligation to make it a condition of delivery of the person required, should extradition be granted, that he may not be in any case tried for acts prior to or other than those which motivate extradition and  that the time that he has been spent in detention by virtue of the these proceedings should be taken as part of the penalty which may eventually be imposed upon him in the State Requiring, and that he may not be subjected to forced disappearance, torture, cruel, inhuman or degrading treatment or punishment, exile, life imprisonment or confiscation.*

*2. Likewise, it is the business of the Government to make it a condition of delivery that all due guarantees be respected with corresponding to his status as an accused[3], specifically, that he must have access to a public trial without undue delay, that his innocence be presumed, that he be attended to by an interpreter, that he may have counsel appointed by his or by the State, and that he be given sufficient time and means to prepare his defense, and he may present evidence and dispute the evidence given against him, and his situation of deprivation of liberty shall be conducted in conditions of dignity, and any penalty eventually imposed upon him may not be over-harsh on him, and its essential purpose must be reform and social adaptation.*

*3. The Government also has a duty to  demand that the State Requiring, in order to protect the fundamental rights of the person required,*

---

[3] According to the Supreme Court Criminal Cassation Division in an opinion of September 5, 2006 Case 25625, although a Colombian citizen has been delivered, he preserves the rights inherent to his nationality as stated in the Constitution and human rights treaties signed by Colombia..

3

ANTHONY LETTS
Traductor [illegible]tado
Res. 139/[illegible] Justicia

Official Translation No. 2016-0208 made by Anthony Letts, Official Translator Res. 139/1980 Ministry of Justice

*facilitate the means required to guarantee his repatriation in conditions of dignity and respect for the human person, should he be superseded, acquitted, declared found not guilty, or have his legal standing settled in a similar way in the State Requiring, even indeed after his release upon completion of any sentence passed by him there for the charges for which this extradition has been declared to be in order.*

*4. Further, the Government must make it a condition of delivery to the State Requiring, following its internal policies on the matter, must offer him real rational possibilities of regular contact with his close family, considering that Article 42 of the 1991 Constitution describes the family as the essential nucleus of society, and guarantees its protection and recognize its honor, dignity and intimacy, and this is reinforced by the protection which this same nucleus is afforded by the American Convention on Human Rights and International Covenant on Civil and Political Rights, Article 17 and 23, respectively.*

*5. Further, under the terms of Article 189.2 of the Constitution, it is the duty of the President as head of state and supreme director of foreign policy and international relations, to effect follow-up of the conditions imposed on the grounds of its tradition, and must further determine the consequences of failure to observe them.*

*IV. Final matter*

*Therefore the Court believes that the Government may extradite the Colombian citizen GABRIEL AGUIRRE-CUERO on the conditions noted because, in the absence of an applicable treaty, the requirements of Colombian criminal procedural law have been satisfied to permit his delivery to proceed, as also concluded by the Office of the Inspector General.".*

7. Attending to the favourable opinion of the Criminal Cassation Division of the Supreme Court of Justice and in the terms of Article 501 of Law 906/2004, the Government is free to act in the national interest, and, the Government will grant the extradition of the citizen **GABRIEL AGUIRRE-CUERO** ID ("cedula") 12.795.937 to appear for trial before the U S authorities for the following charges:

**Count 1**: Conspiracy to manufacture and distribute and possess with intent to manufacture and distribute, five kilograms or more of cocaine on board a vessel subject to US jurisdiction; and

**Count 2**: Manufacture and distribute and possess with intent to manufacture and distribute, five kilograms or more of cocaine on board a vessel subject to US jurisdiction.

These charges appear in indictment 15 Cr. 125 of March 3, 2015 in the US District Court for the Southern District of New York.

4



Official Translation No. 2016-0208 made by Anthony Letts, Official Translator Res. 139/1980 Ministry of Justice

**8.** Additional information from the Prosecution Service dated July 16, 2015 indicates that the citizen required "is detained in custody for trafficking or carriage of narcotics, under a measure ordered by Criminal Court 5, Buenaventura (Guarantees Control) at the request of Special Prosecutor 4, Buenaventura, case 761090000163201500449. He currently awaits the Preliminary Hearing before Special Criminal Court 2, Buga (case 291) to study a bargaining agreement..."

The Supreme Court said in this case that:

> "Finally, while the defense argues that an unfavorable opinion should be issued in this case because there is an investigation in progress in Colombia on the same facts as support he request for extradition, it should be noted that this claim cannot be entertained, because the Court has said that in conditions such as this,
>
>> "Lastly, the Court does not find that there is any instnce of res iudicata, because, while a certificate was produced concerning the proceedings against …. In Court …., it is true that no judgment has been handed down on the matter, and therefore the hypothesis admitted by the Court does not apply to remove the possibility of extradition. In effect, a majority of the Court has decided that for this situation to prosper, it would be necessary that at the time of making the request for extradition, a judgment would have to be handed down on the same events that support the request." Supreme Court, February 27, 2013 case 39860)
>
> Now, the Court has ,made precise pronouncements on the variables that form res iudicata, as follows:_

(…)

> Therefore, from the above, the consequence is that, in this case, none of the hypotheses is satisfied, since no judgment has made it so, and indeed, as of noted above, there is no room for an unfavorable opinion, as requested by defense counsel.

This existence of an investigation against the citizen required GABRIEL AGUIRRE-CUERO for acts performed prior to the extradition request means that un this case, the hypothesis of Article 504 of Law 906/2004 is satisfied and the Government has the discretion to defer delivery or not to do so.

In this case, the Government, exercising its discretion under the lae mentioned, does not consider it in order to postpone or defer delivery and on the contrary order it to proceed, subject to compliance with certain conditions set forth in this Resolution.

**9.** The Government, attending to Section 494.1 of Law 906/2004, will require the Government of the United States not to try the person required for an action prior

5



Official Translation No. 2016-0208 made by Anthony Letts, Official Translator Res. 139/1980 Ministry of Justice

to or other than that which motivates this request for extradition.

**10.** The Government will order the delivery of the citizen **GABRIEL AGUIRRE-CUERO** against the commitment by the State Requiring that it will comply with the conditions of Section 494.2 of Law 906/2004, that is, that he will not be subjected to forced disappearance, torture or cruel, inhumane or unusual treatment or punishment, or banishment, life imprisonment or confiscation. The proviso against the death penalty is not required here since the offense which is the motive of this extradition request does not attract that penalty.

**11.** The citizen required is entitled to recognition in the State Requiring of the time spent detained by reason of the extradition process, and in order to accredit this situation he may request that the Prosecution Service certify this, since it is the competent authority to do so.

Notwithstanding the foregoing, we note that, as is customary, the International Affairs Department of the Prosecution Service will send a certificate of the time spent in detention by reason of the extradition proceedings to the Ministry of Foreign Affairs Migration and Consular Affairs and Citizen Service Department for the Consul to be aware of the situation.

Finally, the Government, through the Ministry of Justice and Law, will send a copy of this decision to the Ministry of Foreign Affairs Migration and Consular Affairs and Citizen Service Department for the purposes of Presidential Directive 7/2005 and the Supreme Court of Justice in its opinion.

Therefore it is,

**RESOLVED:**

**ARTICLE 1.** To grant the extradition of the Colombian citizen **GABRIEL AGUIRRE-CUERO ID** 12.795.937 to appear for trial before the United States authorities for the following charges:

**Count 1**: Conspiracy to manufacture and distribute and possess with intent to manufacture and distribute, five kilograms or more of cocaine on board a vessel subject to US jurisdiction; and

**Count 2**: Manufacture and distribute and possess with intent to manufacture and distribute, five kilograms or more of cocaine on board a vessel subject to US jurisdiction.

These charges appear in indictment 15 Cr. 125 of March 3, 2015 in the US District Court for the Southern District of New York.

**ARTICLE 2.** Not to defer delivery of this citizen, as explained in the Motivation section above.



Official Translation No. 2016-0208 made by Anthony Letts, Official Translator Res. 139/1980 Ministry of Justice

**ARTICLE 3.**To order the delivery of the citizen **GABRIEL AGUIRRE-CUERO** with the commitment on the part of the State Requiring to comply with conditions referred to in Section 494.2 of Law 906/2004 that is, that the person required will not be subjected to forced disappearance, torture, cruel, inhumane or unusual treatment or punishment, banishment, life imprisonment and confiscation.

**ARTICLE 4.** The State Requiring will be advised that the citizen extradited may not be tried or convicted for any prior act other than that which was the reason for this request, in accordance with the terms of Section 494.1 of Law 906/2004.

**ARTICLE 5.** This decision is to be served on the interested party or his attorney, or the person duly authorized by the interested party to receive service ,and he is to be informed that there is recourse for revocation against it, and  recourse must be entered within ten (10) days following service of this notice, as provided for in Article 76 of the Administrative Disputes Code.

**ARTICLE 6.** A certified copy of this resolution, subject to enforceability, will be sent to the International Legal Affairs Office and the Migration and Consular Affairs and Citizen Service Department at the Foreign Ministry, and to the Attorney General, for them to act accordingly.

**ARTICLE 7.** This resolution takes effect from the date that it is in firm.

**BE THIS PUBLISHED** in *Diario Oficial,* **SERVED** on the person required or his attorney or the person duly authorized by the interested party to receive service, **COMMUNICATED** to the Ministry of Foreign Affairs. Special Criminal Court 2, Buga.Valle and the Attorney General, and **OBEYED**

Given in Bogotá on December 23, 2015

DEPUTY MINISTER FOR CRIMINAL ʹPOLICY AND ACTING MINISTER OF JUSTICE AND LAW,

(Signed) CARLOS MEDINA-RAMIREZ

Apostille **AQDZD161265361** of 3/29/2016 certifies that this document was signed by Álvaro de Fátima Gómez-Trujillo Secretary General, Ministry of Justice and Law.

Certified a true and complete translation

Anthony Letts
Official translator per Res 139/1980 Ministry of Justice



2280





**DIAJI No. 0578**

Bogotá D.C., 10 de marzo de 2016

Doctor
**JORGE SANÍN POMBO**
Jefe Oficina de Asuntos Internacionales
Ministerio de Justicia y del Derecho
Ciudad

Respetado Doctor Sanín:

De manera atenta, remito copia de la Nota Verbal No. 0430 de fecha 10 de marzo de 2016, procedente de la Embajada de los Estados Unidos de América, que versa sobre los condicionamientos para la posterior entrega en extradición del señor **GABRIEL AGUIRRE CUERO**.

Cordial saludo,

**ALEJANDRA VALENCIA GÄRTNER**
**Directora de Asuntos Jurídicos Internacionales**

Anexo: Lo anunciado.
Proyectó: JMS
DIAJI No. 207.885.255

**Calle 10 No 5 – 51 Palacio de San Carlos**
Dirección correspondencia Carrera 5 No 9 – 03 Edificio Marco Fidel Suárez
PBX 3814000 – Fax 3814747
www.cancilleria.gov.co – contactenos@cancilleria.gov.co
Bogotá D.C., Colombia Sur América







GP-CER 221918    SC-CER 221917

10

No. 0430

The Embassy of the United States of America presents its compliments to the Ministry of Foreign Relations of the Republic of Colombia and has the honor to refer to Ministry diplomatic note No. DIAJI 0483, dated March 2, 2016, in which the Ministry informs the Embassy that the Government of Colombia has approved the extradition of Colombian fugitive Gabriel Aguirre Cuero pursuant to Resolution No. 296, dated December 23, 2015.

Furthermore, the Embassy takes note that the Ministry requests as a condition for the extradition of Gabriel Aguirre Cuero assurances that he will not be subject to forced disappearance, banishment, torture or cruel and unusual punishment, degrading or inhumane treatment, illegal confiscation, life imprisonment, or the imposition of the death penalty. As a condition of his extradition, the Government of the United States assures the Government of Colombia that no such proscriptions will be applied to Aguirre Cuero if he is extradited to the United States.

Although the maximum statutory penalty for the charge for which extradition was approved is life imprisonment, the Government of the United States assures the Government of Colombia that a sentence of life imprisonment will not be sought or imposed if Aguirre Cuero is extradited to the United States.

**DIPLOMATIC NOTE**

-2-

Regarding the death penalty assurance requested in the aforementioned Ministry note, the United States Government does not believe that such assurance is necessary in this case. Pursuant to the criminal laws of the United States, the death penalty is not an authorized punishment for the offenses for which Aguirre Cuero's extradition was approved. Therefore, the death penalty cannot be requested or imposed in this case.

Regarding other assurances requested in the aforementioned Ministry note, the Government of the United States reiterates its assurances to the Government of Colombia that no person extradited to the United States from Colombia will be subject to forced disappearance, banishment, torture or cruel and unusual punishment, degrading or inhumane treatment or illegal confiscation.

The United States Government reaffirms its commitment to honor these assurances with respect to Gabriel Aguirre Cuero.

The Embassy of the United States of America avails itself of this opportunity to renew to the Ministry of Foreign Relations of the Republic of Colombia the assurances of its highest consideration.

Embassy of the United States of America,
     Bogotá, D.C., March 10, 2016.



12

TRADUCCIÓN NO OFICIAL

No. 0430

La Embajada de los Estados Unidos de América saluda muy atentamente al Ministerio de Relaciones Exteriores de la República de Colombia y tiene el honor de referirse a la nota diplomática de ese Ministerio No. DIAJI 0483, de fecha 2 de marzo de 2016, mediante la cual el Ministerio informa a la Embajada que el Gobierno de Colombia aprobó la extradición de Gabriel Aguirre Cuero, fugitivo de nacionalidad colombiana, de conformidad con la Resolución 296, de fecha 23 de diciembre de 2015.

Además, la Embajada toma nota de que el Ministerio solicita como condición para la extradición de Gabriel Aguirre Cuero se le garantice que él no será sometido a desaparición forzada, a destierro, a torturas ni a tratos o penas crueles, inhumanas o degradantes, confiscación ilegal, a prisión perpetua, o a la imposición de la pena de muerte.  Como condición para su extradición, el Gobierno de los Estados Unidos le garantiza al Gobierno de Colombia que ninguna de estas prohibiciones será aplicada a Aguirre Cuero si él es extraditado a los Estados Unidos.

Aun cuando la pena máxima legal para el cargo por el cual la extradición fue aprobada es la prisión perpetua, el Gobierno de los Estados Unidos le garantiza al Gobierno de Colombia que la sentencia de prisión perpetua no será solicitada ni impuesta si Aguirre Cuero es extraditado a los Estados Unidos.

-2-

En relación con la garantía sobre la pena de muerte requerida mediante la nota de ese Ministerio anteriormente mencionada, el Gobierno de los Estados Unidos no considera que dicha garantía sea necesaria en este caso. De conformidad con las leyes penales de los Estados Unidos, la pena de muerte no es una sanción autorizada para el delito por el cual se solicitó la extradición de Aguirre Cuero. Por lo tanto, la pena de muerte no puede ser solicitada ni impuesta en este caso.

En relación con las demás garantías solicitadas en la nota del Ministerio anteriormente mencionada, el Gobierno de los Estados Unidos reitera su garantía al Gobierno de Colombia que ninguna persona que sea extraditada de Colombia a los Estados Unidos será sometida a desaparición forzada, destierro, tortura ni a tratos o penas crueles e inusuales, inhumanas o degradantes, o a confiscación ilegal.

El Gobierno de los Estados Unidos reafirma su compromiso de respetar estas garantías con respecto a Gabriel Aguirre Cuero.

La Embajada de los Estados Unidos de América aprovecha la oportunidad para renovar al Ministerio de Relaciones Exteriores de la República de Colombia las seguridades de su más alta y distinguida consideración.

Embajada de los Estados Unidos de América,
Bogotá, D.C., 10 de marzo de 2016.

14



CONSULADO GENERAL DE COLOMBIA
10 EAST 46TH STREET
NUEVA YORK, N.Y. 10017

Honorable Judge Kevin Castel
United States District Judge
United States Courthouse
500 Pearl St.
Courtroom: 11D
New York, NY 10007-1312



neopost
08/12/2016
US POSTAGE
FIRST-CLASS MAIL
$01.78°
ZIP 10017
041L10225736

USDC
SDNY