```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                        15 Cr. 125 (PKC)

GABRIEL AGUIRRE CUERO,

              Defendant.

------------------------------x
                                    New York, N.Y.
                                    October 13, 2016
                                    12:50 p.m.


Before:

              HON. P. KEVIN CASTEL,

                          District Judge


                  APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
EMIL BOVE
     Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
AMY GALLICCHIO



ALSO PRESENT:  MIRTA HESS, Interpreter (Spanish)
```

```
1                (Case called)
2                MR. BOVE:  Good afternoon, your Honor, Emil Bove for
3    the government.
4                MS. GALLICCHIO:  Good afternoon, your Honor, Federal
5    Defenders by Amy Gallicchio for Mr. Aguirre Cuero, who is
6    present.
7                THE COURT:  Good afternoon, Ms. Gallicchio, and good
8    afternoon, Mr. Cuero.
9                Mr. Cuero, I've been told that you wish to enter a
10   guilty plea to the lesser-included offense of manufacturing and
11   distributing and possessing with intent to manufacture and
12   distribute while aboard a vessel, subject to the jurisdiction
13   of the United States, 500 grams and more of cocaine.  Is that
14   correct, sir?
15               THE DEFENDANT:  Yes.
16               THE COURT:  Before I accept the guilty plea from you I
17   must satisfy myself that you understand the rights you would
18   have if the case went to trial and the rights that you are
19   giving up by pleading guilty.  Also, I must be satisfied there
20   is a factual basis for your plea of guilty and you understand
21   the consequences of pleading guilty.
22               In a moment I am going to have the clerk place you
23   under oath.  I am going to ask you certain questions, inform
24   you of certain rights.  If I ask you something or I tell you
25   something and you don't quite understand, please let me know
```

1    and I'll put it into different words.  Also, if at any time you
2    wish to speak in private with your attorney, I'll give you an
3    opportunity to do so.  Do you understand that?
4            THE DEFENDANT:  Yes.
5            THE COURT:  Please stand and the clerk will administer
6    the oath.
7            (Defendant sworn)
8            THE COURT:  You are now under oath and your answers to
9    my questions are subject to the penalties of perjury or making
10   a false statement if you do not answer truthfully.  Also, any
11   statements you make today may be used in any such prosecution.
12   Do you understand all that?
13           THE DEFENDANT:  Yes, sir.
14           THE COURT:  How old are you, sir?
15           THE DEFENDANT:  54.
16           THE COURT:  How far did you go in school?
17           THE DEFENDANT:  Three years.
18           THE COURT:  Are you now or have you recently been
19   under the care of a medical doctor?
20           THE DEFENDANT:  Yes.
21           THE COURT:  For what conditions?
22           THE DEFENDANT:  Because I have a cholesterol problem
23   and a fracture that I have in one hand.
24           THE COURT:  And do you take any medications for that?
25           THE DEFENDANT:  No medications yet.

```
1              THE COURT:  How do you feel today?
2              THE DEFENDANT:  Fine.
3              THE COURT:  Is your mind clear?
4              THE DEFENDANT:  Yes.
5              THE COURT:  Have you ever been treated for a mental
6    illness?
7              THE DEFENDANT:  No.
8              THE COURT:  Ms. Gallicchio, any doubts about
9    defendant's competence to plead?
10             MS. GALLICCHIO:  No, your Honor.
11             THE COURT:  Based upon responses to my questions and
12   my observations, I find the defendant is fully competent to
13   enter an informed plea.
14             Mr. Cuero, have you in fact discussed the charges
15   against you with your lawyer?
16             THE DEFENDANT:  Yes.
17             THE COURT:  Have you had enough time to consider all
18   of your options in this case?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Are you satisfied with your lawyer's
21   representation of you?
22             THE DEFENDANT:  Yes.
23             THE COURT:  I am going to explain to you certain
24   rights that you would have if this case went to trial and
25   rights you would be giving up by pleading guilty.  Under the
```

1  Constitution and laws of the United States, you are entitled to
2  a speedy and public trial by an impartial jury on the charges
3  contained in the indictment.  Do you understand that?
4      THE DEFENDANT:  Yes.
5      THE COURT:  At such a trial you would not have to
6  prove that you were innocent.  The government would be required
7  to prove each element of each crime by proof beyond a
8  reasonable doubt.  Before you could be found guilty, a jury of
9  12 people would have to agree unanimously that you were guilty.
10 Do you understand that?
11     THE DEFENDANT:  Yes.
12     THE COURT:  If there were a trial, at every stage of
13 the proceeding you would be entitled to be represented by a
14 lawyer.  And if you could not afford a lawyer, one would be
15 appointed at public expense.  Do you understand all that?
16     THE DEFENDANT:  Yes.
17     THE COURT:  If there were a trial, the witnesses for
18 the government would have to come to court to testify.  You
19 would be able to see and hear them.  Your lawyer could question
20 them through cross-examination.  Your lawyer could object to
21 evidence offered by the government.  Your lawyer could present
22 evidence and could ask the Court to compel witnesses to appear
23 at trial on your behalf.  Do you understand all that?
24     THE DEFENDANT:  Yes.
25     THE COURT:  If there were a trial, you would have the

1  right to testify if you chose to do so. You could come up here
2  and take the witness stand. Also, you would have the right not
3  to testify and no one would be permitted to draw any inference
4  or suggestion of guilt from the fact that you decided not to
5  testify. Do you understand all that?
6      THE DEFENDANT: Yes.
7      THE COURT: If there were a trial and a jury found you
8  guilty, you would have the right to appeal that finding. Do
9  you understand that?
10     THE DEFENDANT: Yes.
11     THE COURT: Now, those are the rights that you would
12 have if you went to trial. If I accept the plea of guilty from
13 you, there will be no trial. You will proceed to the
14 sentencing phase in which the Court will decide on the
15 punishment to be imposed on you.
16     Now, you'll have the right to an attorney during the
17 sentencing phase. But by pleading guilty you give up your
18 right to appeal any issue in the case in pretrial proceedings.
19 Do you understand everything I have said to you?
20     THE DEFENDANT: Yes.
21     THE COURT: Even now you have the right to change your
22 mind. Instead of pleading guilty you may plead not guilty and
23 go to trial. Do you wish to plead not guilty and go to trial?
24     THE DEFENDANT: How was that?
25     THE COURT: Would you like to plead not guilty and go

1  to trial? You can change your mind. You told me at the
2  beginning that you wanted to plead guilty. I'm asking you,
3  would you like to change your mind and plead not guilty and go
4  to trial?
5      THE DEFENDANT: No.
6      THE COURT: Do you understand that you are charged in
7  Count Two of the indictment with manufacturing and distributing
8  and possessing with intent to distribute, manufacture and
9  distribute while aboard a vessel, subject to the jurisdiction
10 of the United States, five kilograms and more of cocaine. Do
11 you understand that's what the indictment charges?
12     THE DEFENDANT: Yes.
13     THE COURT: But the government has stated that it is
14 willing to accept the plea to a lesser-included offense of
15 manufacturing and distributing and possessing with intent to
16 manufacture and distribute while aboard a vessel subject to the
17 United States jurisdiction 500 grams and more of cocaine. Do
18 you understand that?
19     THE DEFENDANT: Yes.
20     THE COURT: The penalty for the lesser-included
21 offense to which you have offered to plead guilty is a maximum
22 sentence of 40 years' imprisonment and a mandatory minimum
23 sentence of five years' imprisonment, a maximum fine of the
24 greatest of $5 million or twice the gross pecuniary gain
25 derived from the offense, a maximum term of supervised release

1  of life, and a mandatory minimum term of supervised release of
2  four years, and a mandatory $100 special assessment.
3        Do you understand all that?
4        THE DEFENDANT:  Yes.
5        THE COURT:  Now, with regard to supervised release
6  there are terms and conditions attached to it.  And if you do
7  not live up to those terms and conditions, you can be returned
8  to prison for the full period of supervised release.  Say you
9  receive a prison term to be followed by a term of five years'
10 supervised release and you live up to the terms of supervised
11 release for three years, but then you violate one of the terms.
12 You can be returned to prison for a full period of five years.
13 Do you understand that?
14       THE DEFENDANT:  Yes.
15       THE COURT:  Are you a U.S. citizen?
16       THE DEFENDANT:  No.
17       THE COURT:  Among the consequences of pleading guilty
18 is you will likely be deported from the United States and
19 barred from reentry and, further, your conviction would impact
20 negatively upon your ability to ever become a citizen of the
21 United States.  Do you understand all that?
22       THE DEFENDANT:  Yes.
23       THE COURT:  Have you discussed this with your lawyer?
24       THE DEFENDANT:  Yes.
25       THE COURT:  Is the government seeking forfeiture in

1  this case?
2       MR. BOVE:  No, your Honor.
3       THE COURT:  Are you serving any other sentence, state
4  or federal, or being prosecuted in any other court for any
5  other crime?
6       THE DEFENDANT:  No.
7       THE COURT:  In sentencing you I will receive a
8  presentence report prepared by the office of probation that
9  gives me background information and a recommended range of
10 sentence under the sentencing guidelines.  After hearing from
11 your lawyer and from the government, I will make my own
12 determination of the correct guideline range that applies in
13 this case.  Even after determining the correct guideline range,
14 I need not follow it and can sentence you all the way up to the
15 statutory maximum.  The guidelines are advisory and they are
16 not binding on me, not binding on the Court.  They are one of
17 the factors that the Court takes account of under the
18 sentencing statute, commonly referred to as Section 3553.  Do
19 you understand all that?
20      THE DEFENDANT:  Yes.
21      THE COURT:  Now, I understand there has been a plea
22 agreement entered into between you and the government, is that
23 correct?
24      THE DEFENDANT:  Yes.
25      THE COURT:  And that's reflected in a six-page

1  document bearing the date August 9, 2016 and on the letterhead
2  of the U.S. Department of Justice, and I will ask the clerk to
3  place that in front of you. Is that your plea agreement with
4  the government?
5          THE DEFENDANT: Yes.
6          THE COURT: Is that your signature on the last page?
7          THE DEFENDANT: Yes.
8          THE COURT: Did you read the plea agreement or did you
9  have the plea agreement translated for you before you signed
10 it?
11         THE DEFENDANT: Yes.
12         MS. GALLICCHIO: Your Honor, I can add to that. The
13 plea agreement was actually translated in a document in Spanish
14 and provided to my client and read to him.
15         THE COURT: Thank you.
16         Did you discuss the plea agreement with your lawyer?
17         THE DEFENDANT: Yes.
18         THE COURT: Did you understand the plea agreement
19 before you signed it?
20         THE DEFENDANT: Yes.
21         THE COURT: Did anyone threaten you or force you in
22 any way to either enter into the plea agreement or to plead
23 guilty?
24         THE DEFENDANT: No.
25         THE COURT: Did anyone promise you anything of value

1  or give you anything either to get you to plead guilty or to
2  enter into the plea agreement?
3         THE DEFENDANT:  No.
4         THE COURT:  Does your plea agreement contain all of
5  your understandings with the government?
6         THE DEFENDANT:  Yes.
7         THE COURT:  I want you to know, Mr. Cuero, that any
8  prediction, calculation, or estimate that anyone has made to
9  you as to what sentence I might give you, even an estimate by
10 your own lawyer, is not binding on me, not binding on the
11 Court, and if it turns out to be wrong you will not be
12 permitted to withdraw your guilty plea.  Do you understand
13 that?
14        THE DEFENDANT:  Yes.
15        THE COURT:  One of the features of your plea agreement
16 with the government is that you and the government have agreed
17 upon a stipulated guideline range in this case which is 151 to
18 188 months in prison.  That's the stipulated guideline range
19 and you both agree that no matter what, the Court must sentence
20 you to a minimum of at least 60 months' imprisonment.  Do you
21 understand that?
22        THE DEFENDANT:  Yes.
23        THE COURT:  That agreement with regard to the
24 stipulated guideline range is binding on you and binding on the
25 government, but it's not binding on the Court.  I have my own

1  obligation to determine the correct guideline range, as I told
2  you before. But one of the features of your plea agreement is
3  that if I should sentence you within the stipulated guideline
4  range of 151 to 188 months' imprisonment, or above that range,
5  the government has agreed not to appeal. But you have agreed
6  that if I sentence you to a range of 151 to 188 months'
7  imprisonment or below that range, that you will not appeal or
8  attack the sentence. You have waived your right to appeal or
9  attack a sentence unless that sentence is above the stipulated
10 guideline range of 151 to 188 months' imprisonment. And in
11 that event the law will only allow you to appeal on the basis
12 that the sentence is unreasonable or contrary to law. Do you
13 understand all that?
14            THE DEFENDANT: Yes.
15            THE COURT: Mr. Bove, what are the elements of the
16 crime and what in summary would be the government's evidence if
17 this case went to trial?
18            MR. BOVE: Thank you, your Honor. With respect to the
19 lesser-included offense set forth in the plea agreement, the
20 government would be required to establish three principal
21 elements: First, that the defendant knowingly and
22 intentionally manufactured or distributed, possessed with
23 intent to manufacture or distribute a controlled substance;
24 second, that he did so on board a vessel subject to the
25 jurisdiction of the United States, and that term includes a

1  flagless vessel without nationality; and, third, that the
2  offense involved 500 grams or more of cocaine.
3             The government would also be required to establish
4  venue.  In this case we would do so by virtue of the fact that
5  the defendant was first brought to this district upon his
6  extradition.
7             With respect to the way that the government
8  established those facts at trial, we would present testimony
9  from law enforcement witnesses as well as intercepts collected
10 pursuant to Title III in the United States establishing that in
11 or about February of 2015, the defendant was arrested on board
12 a vessel in international waters off the coast of Colombia.
13 That vessel was found to contain approximately 350 kilograms of
14 cocaine.  The vessel was later determined to be flagless; that
15 is, without nationality.
16            THE COURT:  Mr. Cuero, please tell me in your own
17 words what you did that leads you to believe that you are
18 guilty of the crime charged in Count Two, or the
19 lesser-included offense within that crime.
20            THE DEFENDANT:  On February 19, 2015, I was on a boat
21 that contained 500 grams or more of cocaine.  The boat was not
22 registered in any country and had no flying flag or document
23 for registration.
24            The boat was in international waters off the coast of
25 Colombia.  My intention was to give the cocaine to another

1  individual. I'm very sorry.

2          THE COURT: Does the defense have any valid basis to
3  challenge venue in this case?

4          MS. GALLICCHIO: No, your Honor.

5          THE COURT: Does the government agree there is a
6  sufficient factual predicate for a plea to a lesser-included
7  offense?

8          MR. BOVE: I do, Judge.

9          THE COURT: I also note there are forfeiture
10 allegations in paragraphs 5 and 6 of the complaint. Is your
11 client prepared to admit those allegations?

12         MS. GALLICCHIO: Yes, your Honor.

13         THE COURT: Mr. Cuero, do you have any questions for
14 me?

15         THE DEFENDANT: No.

16         THE COURT: With regard to the lesser-included offense
17 of manufacturing and distributing and possessing with intent to
18 manufacture and distribute while aboard a vessel subject to the
19 jurisdiction of the United States 500 grams and more of
20 cocaine, how do you plead, guilty or not guilty?

21         THE DEFENDANT: Guilty.

22         THE COURT: With regard to the forfeiture allegations
23 in paragraphs 5 and 6 of the indictment, do you admit those
24 allegations or do you deny those allegations?

25         THE DEFENDANT: I admit.

1           THE COURT:  Based upon your responses to my questions
2  and my observations of your demeanor, I find that you know your
3  rights, you know the consequences of pleading guilty, and there
4  is a factual basis for your plea of guilty.  Your plea of
5  guilty and your admission to the forfeiture allegations are
6  accepted.  Further, I find that your plea agreement was
7  knowingly and voluntarily entered into, including the provision
8  waiving the right to appeal or collaterally attack the
9  sentence.
10          I will order a presentence investigation and direct
11 that no interview of you take place unless your lawyer is
12 present.  It's important that you be truthful and honest with
13 the people who prepare the report, tell them the good things
14 and even the not-so-good things.  The report will be important
15 in my decision on sentencing.  Before the day of sentencing you
16 will have the opportunity to review that report.  I urge you to
17 go through it carefully.  If there are any mistakes, point them
18 out to your lawyer so she can point them out to me.
19          Sentencing in this case is set for January 20, at
20 11:30 a.m., and the defendant is remanded until then.
21          Is there anything further from the government?
22          MR. BOVE:  No, your Honor.  Thank you.
23          THE COURT:  From the defendant.
24          MS. GALLICCHIO:  Your Honor, may I have just one
25 moment, please.

```
1               THE COURT:  Yes.
2               MS. GALLICCHIO:  Nothing further, your Honor.
3               THE COURT:  Thank you all very much.
4                                o0o
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```