UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                              15-cr-125 (PKC)

        -against-                                                                          <u>ORDER</u>

GABRIEL AGUIRRE CUERO,

                           Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Gabriel Aguirre Cuero moves the Court to reduce his sentence for extraordinary and compelling reasons. 18 U.S.C. § 3582(c). (ECF 98.) The government opposes the motion. (ECF 103.) Defendant, then represented by counsel, previously moved under section 3582(c). (ECF 89.) The Court heard argument and denied the motion. (See Minute Entry for Sept. 15, 2020 & Transcript filed Oct. 9, 2020, ECF 96.) For reasons to be explained, the Court again denies the motion.

        Aguirre Cuero pled guilty to one count of manufacturing and distributing, and possessing with intent to manufacture and distribute cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1), 21 U.S.C. § 960(b)(2)(B). (Judgment (ECF 33).) On January 20, 2017, the Court sentenced him to principally 144 months' imprisonment, followed by a lifetime term of supervised release. (Sentencing Tr. (ECF 91, Ex. A) at 26.) The term of imprisonment was below the Guideline range of 168–210 months imprisonment and, in part, took into account time spent in a Columbian prison. Aguirre Cuero had been arrested in Colombia on February 19, 2015, and held

in Colombian custody for over a year before being extradited to this District on April 28, 2016. (PSR at 2.)

On March 30, 2022, Aguirre Cuero applied to the Warden of FCI Edgefield for a release based upon extraordinary and compelling reasons. He has satisfied the statutory exhaustion requirement. (ECF 103 at 7 n.6; ECF 103-6, 103-7.) He has since been transferred to FCI Oxford with a projected release date of June 27, 2026.

"Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). District courts have "broad discretion" when considering such motions and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (citation and internal quotation marks omitted). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason'" for sentence reduction. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)).

A Policy Statement issued by the United States Sentencing Commission effective November 1, 2023 presents helpful guidance to a Court considering a motion to reduce a sentence for extraordinary and compelling reasons. U.S.S.G. § 1B1.13 (amended eff. Nov 1, 2023). The Guidelines address in some detail considerations relating to the "Medical Circumstances of the Defendant," "Age of the Defendant," "Family Circumstances of the Defendant," "Victim of Abuse," "Unusually Long Sentence" and "Other Reasons."

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." Jones, 17 F.4th at 374. Even where such circumstances exist, "the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

Aguirre Cuero's 247-page submission urges that his age—he is now 61—his hypertension, his medication for hypertension (Lisinipril), his history of smoking, and other circumstances place him at a higher risk of contracting COVID-19 and place him in peril if he does contract the disease. He further argues that the conditions at BOP facilities have been harsh during the pandemic, his opportunity for self-care has been limited, testing has been limited, vaccines are not efficacious and present their own risks, and having COVID-19 does not prevent the possibility of further infection. He also notes that he has availed himself of educational opportunities while imprisoned and faces deportation at the end of his sentence.

At present, FCI Oxford has no open cases and no deaths attributable to COVID-19. Considering the entirety of the factors, individually and collectively, Aguirre Cuero has not demonstrated extraordinary and compelling reasons for a sentence reduction. See, e.g., United States v. Chambers, 2023 WL 6850232, at *3 (S.D.N.Y. Oct. 17, 2023) (Schofield, J.) (respiratory illness, the institutional impact of COVID-19 and presence of black mold were not extraordinary and compelling circumstances warranting relief); United States v. Castellanos, 2023 WL 5333198, at *3 (S.D.N.Y. Aug. 18, 2023) (Chin, J.) ("generalized assertions" of inadequate medical treatment do not demonstrate extraordinary and compelling circumstances); United States v. Santana, 2023 WL 2625790, at *3 (S.D.N.Y. Mar. 24, 2023) (Engelmayer, J.)

(noting applicant's failure to demonstrate heightened risk of adverse health outcomes associated with COVID-19).

As to the section 3553(a) factors, the defendant participated, with two others, in a shipment of 350 kilograms of cocaine on a flagless vessel furnished by a drug-trafficking organization; the defendant acknowledged, in his plea agreement, that he was responsible for 150-450 kilograms of cocaine; the defendant was previously convicted in the Middle District of Florida of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (and that the defendant was actually responsible for 2,800 kilograms); and he had participated in 15-20 refueling operations of cocaine smuggling previously. (Sentencing Tr. (ECF 36) at 21-22.) The Court took account of the defendant's background, his medical conditions at the time (high cholesterol, an eye condition, and a fractured/dislocated wrist), that his 135-month sentence in the Middle District of Florida was reduced due to substantial assistance, and that he had been incarcerated prior to arriving in the United States and the conditions of that confinement. (Id. at 22-24, 26.) Of particular note, the Court stated at sentencing: "There is an important value in general deterrence in a case such as this. There is also, as I have said, a need for specific deterrence of this individual. These are legitimate concerns under 3553(a). It is also appropriate to impose just punishment and promote respect for law." (Id. at 24.)

In this case, the section 3553(a) factors counsel against a sentence reduction.

Taking the totality of circumstances into account, Aguirre Castro has not demonstrated extraordinary and compelling reasons for a sentence reduction and, separately, the section 3553(a) factors counsel against a reduction.

The motion is DENIED.  The Clerk is requested to terminate the motion. (ECF 98.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 12, 2024

Mailed to:

Gabriel Aguirre Cuero
Register No. 49665-018
FCI Oxford
Federal Correctional Institution
P.O. Box 1000
Oxford, WI  53952