UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                    15-cr-125 (PKC)

      -against-                              <u>ORDER</u>


GABRIEL AGUIRRE CUERO,

                Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

      Defendant Garbriel Aguirre Cuero received a below Guideline's sentence of principally 144 months imprisonment in connection with a large-scale importation of cocaine aboard a vessel. (ECF 33.)  He now seeks a sentence reduction premised upon a Guidelines amendment.   18 U.S.C. § 3582(c)(2). Cuero cites amendments to the Guidelines, specifically sections 2D1.1(e) and 3B1.2, related to mitigating role adjustments for "individuals performing low-level functions in a drug trafficking offense."

      Per the amendments, "an adjustment under §3B1.2(a) is generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout." U.S.S.G. § 2D1.1(e)(2)(B)(i). Similarly, "an adjustment under §3B1.2(b) is generally warranted if the defendant's primary function in the offense was performing another low-level trafficking function, such as distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit (e.g., the defendant was otherwise unlikely to commit such an

                                  Mailed to Mr. Aguirre Cuero 4/8/2026

offense and was motivated by an intimate or familial relationship, or by threats or fear to commit the offense).” U.S.S.G. § 2D1.1(e)(2)(B)(ii).  These provisions do not, in and of themselves, lower a Guidelines range for any offense but offer guidance on the application of a reduction for a role-in-the-offense adjustment.

These amendments offer no comfort to this defendant. The Court had occasion to discuss defendant's participation in the offense conduct in connection with an application for a sentence reduction for extraordinary and compelling reasons.  18 U.S.C. § 3582(c)(1)(A)(i).

> [T]he defendant participated, with two others, in a shipment of 350 kilograms of cocaine on a flagless vessel furnished by a drug-trafficking organization; the defendant acknowledged, in his plea agreement, that he was responsible for 150-450 kilograms of cocaine; the defendant was previously convicted in the Middle District of Florida of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (and that the defendant was actually responsible for 2,800 kilograms); and he had participated in 15-20 refueling operations of cocaine smuggling previously. (Sentencing Tr. (ECF 36) at 21-22.)

ECF at 109 at 4.

He has presented no facts that support the claim that he was a low-level participant in the crime of distributing and possessing with the intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States.

Further section 3582(c)(2). requires a Court to consider the section 3553(a) factors in reducing a sentence.  Less than two years ago, the Court considered the section 3553 (a) factors as to this defendant and concluded, for reasons stated, that they counseled against a reduction. (ECF 108 at 4.)  Defendant has not shown that any material change in the balancing of section 3553(a) factors is now warranted.

The motion at ECF 109 is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
         April 8, 2026